# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., and MICROSOFT CORPORATION,<br><br>    Defendants. | Civil Action No. 6:22-cv-254<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Polaris PowerLED Technologies, LLC ("Polaris PowerLED"), by and through its undersigned counsel, files this Complaint for Patent Infringement relating to U.S. Patent No. 8,223,117 ("'117 Patent") and alleges as follows:

## INTRODUCTION

1.      Polaris PowerLED owns the '117 Patent, titled "Method and Apparatus to Control Display Brightness with Ambient Light Correction." The '117 Patent covers an important and novel manner of adjusting the brightness of a display screen in response to ambient light thereby conserving power, reducing eye strain, and significantly improving the experience of the user. The inventions of the '117 Patent are a significant advance in the field of display technology, power conservation, and power control for electronics products, including computers, televisions, and other devices.

2.      Polaris PowerLED brings this action to remedy Defendants Microsoft's and Dell's infringement of Polaris' patented technology. Microsoft provides autobrightness functionality

using the inventions claimed in the '117 Patent in its Microsoft Windows operating system and knowingly induces Dell and other computer sellers, as well as users of Microsoft Windows, to directly infringe the claims of the '117 Patent. Microsoft also directly infringes the '117 Patent by using the patented autobrightness technology in Microsoft's own computers. Dell uses the autobrightness technologies claimed in the '117 Patent in its computers thereby infringing this patent.

3.     Polaris PowerLED informed Microsoft and Dell of their respective infringement of the '117 Patent long before filing this lawsuit. It did so in an effort to resolve this matter by requesting that defendants cease from using Polaris PowerLED's patented technology without permission. Defendants knowingly continued in their improper behavior violating Polaris PowerLED's patent rights, continue to do so today, and will continue to do so until this Court puts a stop to their willful infringement.

## THE PARTIES

4.     Plaintiff Polaris PowerLED is a California limited liability company, with its address at 32932 Pacific Coast Highway #14-498, Dana Point, California, 92629.

5.     On information and belief, Defendant Dell Technologies Inc. is a Delaware corporation with its principal place of business at One Dell Way, Round Rock, Texas 78682.

6.     On information and belief, Defendant Dell Inc. is a Delaware corporation with its principal place of business at One Dell Way, Round Rock, Texas 78682.

7.     Collectively, Defendants Dell Technologies Inc. and Dell Inc. are referred to herein as "Dell."

8.     On information and belief, Defendant Microsoft Corporation ("Microsoft") is a corporation organized and existing under the laws of the State of Washington, with several places of business within this District, including 10900 Stonelake Boulevard, Suite 225, Austin, Texas,

78759, and Concord Park II 401 East Sonterra Boulevard, Suite 300, San Antonio, Texas, 78258.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court has personal jurisdiction over Dell and Microsoft pursuant to due process and/or the Texas Long Arm Statute because Dell and Microsoft have committed and continue to commit acts of patent infringement, including acts giving rise to this action, within the State of Texas and within this District, and because Dell and Microsoft recruit Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state. The Court's exercise of jurisdiction over Dell and Microsoft would not offend traditional notions of fair play and substantial justice because Dell and Microsoft have established minimum contacts with the forum.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Dell and Microsoft have committed acts of infringement and have regular and established places of business in this District.  Dell and Microsoft have committed acts of infringement in this District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products that infringe the '117 Patent, as alleged herein.  Microsoft has additionally committed acts of infringement in this District, indirectly, by, among other things, inducing others to infringe the '117 Patent, as alleged herein.

12.     Dell has regular and established places of business in this District, including a shared corporate office at One Dell Way, Round Rock, Texas 78682.  Dell is also registered to do business in Texas.

13.     Microsoft has several regular and established places of business in this District

including 10900 Stonelake Boulevard, Suite 225, Austin, Texas, 78759, and Concord Park II 401 East Sonterra Boulevard, Suite 300, San Antonio, Texas, 78258. Microsoft is also registered to do business in Texas.

## THE PATENT-IN-SUIT

14.     Polaris PowerLED owns the entire right, title, and interest in the '117 Patent, which is titled "Method and Apparatus to Control Display Brightness with Ambient Light Correction." The '117 Patent issued on July 17, 2012 to inventor Bruce R. Ferguson from U.S. Patent Application No. 12/336,990, filed on December 17, 2008. A true and correct copy of the '117 Patent is attached as Exhibit A to this Complaint.

15.     Bruce Ferguson invented a novel manner of adjusting the brightness of a display screen in response to ambient light, thereby conserving power, reducing eye strain, and significantly improving the experience of the user. His inventions were a significant advance in the field of display technology, power conservation and power control for electronics products, including computers, televisions, and other devices. Mr. Ferguson patented these innovations in the '117 Patent.

16.     Claim 1 of the '117 Patent, for example, reads as follows:

1. A brightness control circuit with selective ambient light correction comprising:

a first input configured to receive a user signal indicative of a user selectable brightness setting;

a light sensor configured to sense ambient light and to output a sensing signal indicative of the ambient light level;

a multiplier configured to selectively generate a combined signal based on both the user signal and the sensing signal; and

a dark level bias configured to adjust the combined signal to generate a brightness control signal that is used to control a brightness level of a visible display such that the brightness control signal is maintained above a predetermined level when the ambient light level decreases to approximately zero.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 8,223,117 BY DELL)

17.     Polaris PowerLED incorporates by reference paragraphs 1-16 above.

18.     Dell has directly infringed, and continues to directly infringe one or more claims of the '117 Patent, including at least claim 1 of the '117 Patent, literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling within the United States, and/or importing into the United States computer products (the "Dell Accused Products"), including, for example, the Dell XPS 13 laptop computers that contain ambient light sensors and automatic brightness control features in violation of 35 U.S.C. § 271(a).

19.     The Dell Accused Products include "a brightness control circuit with selective ambient light correction" as required by claim 1.  For example, the Dell XPS 13 laptop computer contains a brightness control circuit with hardware components and/or software that detects ambient light and adjusts the brightness based on the ambient light level.  For example, the Dell Accused Products contain at least an ambient light sensor that detects ambient light as well as a processor and software.  The brightness control circuit implements selective ambient light correction, such as, for example, in the automatic brightness control feature based on the settings of the Dell Accused Products.

20.     As a representative example, the Dell XPS 13 includes an ambient light sensor and software to allow the device to selectively control display brightness based on ambient light levels, as shown in the Dell XPS 13 online User Manual:

## Front



1. **Infrared emitter (optional)**
   Emits infrared light, which enables the infrared camera to sense and track motion.
   ⓘ **NOTE:** The infrared emitter is not available if the camera is not included in the configuration ordered.

2. **Ambient-light sensor**
   The sensor detects the ambient light and automatically adjusts the keyboard backlight and display brightness.

(Dell XPS 13 online manual, available at https://dl.dell.com/topicspdf/xps-13-9310-laptop_setup-guide_en-us.pdf)

21.      This automatic brightness adjustment feature can be adjusted by moving the brightness slider bar, as shown in the below photo of the brightness adjustment screen.  Thus, the Dell Accused Products include a brightness control circuit with selective ambient light correction.



(Dell XPS 13 brightness adjustment menu)

22.     The Dell Accused Products include "a first input configured to receive a user signal indicative of a user selectable brightness setting" as required by claim 1 of the '117 Patent.  The Dell Accused Products include, for example, a brightness bar providing a user selectable brightness setting based on the position of the slider bar.  As a result of the user moving the slider bar, the system, in hardware and/or software, generates a user signal indicative of the user selectable brightness setting.  The Dell Accused Products include hardware and/or software with a first input that is configured to receive the user signal.  For example, the Dell Accused Products may store the received user signal in a software variable.

23.     For example, a user may use the brightness slide bar on the Dell XPS 13 to adjust the screen brightness, which is a user selectable brightness setting as shown below:



(Dell XPS 13 brightness adjustment menu)

24.     The Dell Accused Products include "a light sensor configured to sense ambient light and to output a sensing signal indicative of the ambient light level" as required by claim 1 of the '117 Patent, as shown below in the Dell XPS 13:



[Dell XPS 13 with light sensor (ALS) in bezel]

25.     The light sensor measures ambient light and outputs a sensing signal indicative of the ambient light.

26.     The Dell Accused Products include "a multiplier configured to selectively generate a combined signal based on both the user signal and the sensing signal" as required by claim 1 of the '117 Patent.  The Dell Accused Products, including the Dell XPS 13, have a multiplier in hardware and/or software that is configured to generate a combined signal based on both the user signal and the sensing signal.  The multiplier selectively generates the combined signal depending on the configured settings.

27.     The Dell Accused Products, like the Dell XPS 13, include "a dark level bias configured to adjust the combined signal to generate a brightness control signal that is used to

control a brightness level of a visible display such that the brightness control signal is maintained above a predetermined level when the ambient light level decreases to approximately zero" as required by claim 1 of the '117 Patent. The Dell Accused Products include, for example, hardware and/or software that includes a dark level bias configured to adjust the combined signal.

28. The dark level bias is stored in hardware or as a software variable and is used to adjust the combined signal to generate a brightness control signal that is used to control a brightness level of a visible display such that the brightness control signal is maintained above a predetermined level when the ambient light level decreases to approximately zero. The dark level bias is used to adjust the combined signal to generate a brightness control signal in the Dell Accused Products. When the ambient light level decreases to approximately zero, the dark level bias is used such that the brightness control signal is maintained above a predetermined level. This can prevent the display from becoming unviewable in very low ambient light conditions.

29. Dell has also indirectly infringed and continues to indirectly infringe the '117 Patent by inducing infringement by its customers, end users, and third parties of the '117 Patent. Dell received notice of the '117 patent and of its infringement of the '117 Patent by no later than May 7, 2021, by virtue of a letter from Polaris PowerLED to Dell. From at least the time that Dell received notice, Dell has been actively inducing its customers, end users, and third parties to infringe at least claim 1 of the '117 Patent.

30. Dell has taken affirmative actions to induce infringement by intentionally instructing its customers, end users, and third parties to infringe one or more claims of the '117 Patent, including at least claim 1 as illustrated above, through training videos, demonstrations, brochures and user guides that instruct on the infringing use and implementation of the automatic brightness functionality, such as those in Ex. B (available at

https://www.dell.com/support/kbdoc/en-us/000127395/what-is-the-ambient-light-sensor-feature-on-a-portable-computer-and-how-do-i-adjust-the-settings-kb-article-301197); Ex. C (available at https://www.dell.com/support/kbdoc/en-us/000145330/inspiron-duo-1090-new-technologies?lang=en); Ex. D (available at https://www.dell.com/support/kbdoc/en-us/000178632/precision-workstation-m4500-visual-guide?lang=en); and Ex. E (available at https://www.dell.com/support/manuals/en-us/vostro-2521/delldesktop_laptop_ug/using-the-ambient-light-sensor?guid=guid-d7af3f58-396b-4418-af08-d9bbe739ff15&lang=en-us).

31.     Dell has specifically intended, and still intends, that its customers, end users, and third parties infringe the '117 Patent. Dell has been, and still is, aware that the acts of its customers, end users, and third parties in making and using the automatic brightness and ambient light sensor features of Dell's computer products infringe one or more claims of the '117 patent, including at least claim 1. Dell has known and intended that its continued actions would actively induce the infringement of one or more claims of the '117 Patent, including at least claim 1, by its customers, end users, and third parties.

32.     With knowledge of both the '117 Patent and its infringement of the '117 Patent, Dell has acted with specific intent or willful blindness to actively aid and abet its customers, end users, and third parties in infringing the '117 Patent by making and using the automatic brightness and ambient light sensor features of Dell's computer products in a manner constituting direct infringement of at least claim 1 of the '117 Patent. Dell is thus liable for infringement of the '117 Patent under 35 U.S.C. § 271(b).

33.     On information and belief, Dell's past and continuing infringement has been deliberate and willful, and this case is therefore an exceptional case, which warrants award of treble damages and attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285.

34.     Dell has willfully infringed, and continues to willfully infringe, the '117 Patent.  By at least as early as May 7, 2021, when Polaris sent Dell a letter regarding the '117 Patent, Dell had actual knowledge of the '117 Patent and knowledge that its activities were infringing the '117 Patent.  After receiving actual knowledge of the '117 Patent and of its infringement of the '117 Patent, Dell willfully continued to make, use, sell, offer for sale, and/or import into the United States infringing computer products despite knowing that there was a high likelihood of infringement and, in fact, being on notice of such infringement.  In fact, Dell actively promotes the infringing automatic brightness control and ambient light sensor features in its computer products. Ex. B (available at https://www.dell.com/support/kbdoc/en-us/000127395/what-is-the-ambient-light-sensor-feature-on-a-portable-computer-and-how-do-i-adjust-the-settings-kb-article-301197);     Ex.     C     (available     at     https://www.dell.com/support/kbdoc/en-us/000145330/inspiron-duo-1090-new-technologies?lang=en);     Ex.     D     (available     at     https://www.dell.com/support/kbdoc/en-us/000178632/precision-workstation-m4500-visual-guide?lang=en); and Ex. E (available at https://www.dell.com/support/manuals/en-us/vostro-2521/delldesktop_laptop_ug/using-the-ambient-light-sensor?guid=guid-d7af3f58-396b-4418-af08-d9bbe739ff15&lang=en-us).

35.     As a result of Dell's infringement of the '117 Patent, Polaris PowerLED has suffered monetary damages and is entitled to no less than a reasonable royalty for Dell's use of the claimed inventions of the '117 Patent, together with interest and costs as determined by the Court. Polaris PowerLED will continue to suffer damages in the future unless Dell's infringing activities are enjoined by this Court.

36.     Polaris PowerLED will be irreparably harmed unless a permanent injunction is issued enjoining Dell and its agents, employees, representatives, affiliates, and others acting in

concert with Dell from infringing the '117 Patent.

## COUNT 2
## (INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,223,117 BY MICROSOFT)

37.     Polaris PowerLED incorporates by reference paragraphs 1-36 above.

38.     Microsoft has indirectly infringed and continues to indirectly infringe the '117 Patent by inducing direct infringement committed by Dell and other corporate customers who make, use, offer to sell, sell, and import into the United States computer products that utilize Microsoft's software (*e.g.*, Windows) with regard to automatic brightness control and ambient light sensor features. Additionally, Microsoft induces direct infringement of the '117 Patent by its clients, customers, end users and other third parties who use Microsoft's software (*e.g.*, Windows) on their computers.

39.     Microsoft sells software (*e.g.*, in Windows operating systems) that is designed for, and is capable of, being used to infringe the claims of the '117 Patent when loaded onto a computer with an ambient light sensor. Microsoft's users, customers, or other third parties who purchase Windows, or other software from Microsoft capable of infringing the '117 Patent, and use that software in accordance with Microsoft's instructions, directly infringe at least claim 1 of the '117 Patent in violation of 35 U.S.C. § 271(a).

40.     Microsoft has indirectly infringed and continues to indirectly infringe the '117 Patent by inducing direct infringement of the '117 Patent by its corporate customers and related third parties who make, use, offer to sell, sell, and import into the United States computer products. As a representative example, Microsoft has induced, and continues to induce, Dell to directly infringe at least claim 1 of the '117 Patent as described above at paragraphs 17-28. Further, Microsoft received notice of the '117 Patent and of its infringement of the '117 Patent by no later than May 19, 2021 by virtue of a letter from Polaris PowerLED to Microsoft. From at least the

time that Microsoft received notice, Microsoft has been actively inducing its corporate customers (*e.g.*, Dell) and related third parties to infringe at least claim 1 of the '117 Patent.

41.    Microsoft has taken affirmative actions to induce infringement by intentionally instructing Dell and its other corporate customers and related third parties to infringe the claims of the '117 Patent through training videos, demonstrations, brochures and user guides that instruct on the infringing use and implementation of the automatic brightness control and ambient light sensor features, such as those in Ex. F (available at https://docs.microsoft.com/en-us/windows-hardware/design/whitepapers/integrating-ambient-light-sensors-with-computers-running-windows-10-creators-update); Ex. G (available at https://support.microsoft.com/en-us/windows/change-screen-brightness-in-windows-3f67a2f2-5c65-ceca-778b-5858fc007041); Ex. H (available at https://docs.microsoft.com/en-us/windows-hardware/drivers/sensors/supporting-ambient-light-sensors); Ex. I (available at https://docs.microsoft.com/en-us/windows-hardware/drivers/sensors/testing-malt-auto-brightness); and Ex. J (available at https://docs.microsoft.com/en-us/windows-hardware/design/whitepapers/integrating-ambient-light-sensors-with-computers-running-windows-10-creators-update).

42.    Microsoft has specifically intended, and still intends, that its corporate customers, like Dell, infringe the '117 Patent. Microsoft has been, and still is, aware that, through the use of Microsoft software, the acts of its corporate customers infringe the '117 Patent. Further, Microsoft has known and intended that its continued actions would actively induce the infringement of at least claim 1 of the '117 Patent by its corporate customers (*e.g.*, Dell) and related third parties.

43.    With knowledge of both the '117 Patent and its infringement of the '117 Patent, Microsoft has acted with specific intent or willful blindness to actively aid and abet its corporate

customers (*e.g.*, Dell) and related third parties in infringing one or more claims of the '117 Patent, including at least claim 1, by making, using, selling, offering for sale, and/or importing into the United States computer products utilizing Microsoft's software (*e.g.*, Windows operating systems) in manner constituting direct infringement of the '117 Patent. Microsoft is thus liable for infringement of the '117 Patent under 35 U.S.C. § 271(b).

44.     Microsoft has also induced infringement by its end users and its corporate customers' end users. For example, Dell's end users through the use of Dell's computer products and through the provision of software and software updates provided by Microsoft directly infringe at least claim 1 of the '117 Patent. Direct infringement by end users through the use of Dell's computer products utilizing Microsoft software is shown above in paragraphs 17-28.

45.     Microsoft received notice of the '117 Patent and of its infringement of the '117 Patent by no later than May 19, 2021 by virtue of a letter from Polaris PowerLED to Microsoft. From at least the time that Microsoft received notice, Microsoft has been actively inducing its end users and its corporate customers' end users, such as Dell's end users, to infringe at least claim 1 of the '117 Patent.

46.     Microsoft has taken affirmative actions to induce infringement by intentionally instructing its end users and its corporate customers' end users to infringe the claims of the '117 Patent through training videos, demonstrations, brochures and user guides that instruct on the infringing implementation and use of the automatic brightness control and ambient light sensor features, such as those in Ex. G (available at https://support.microsoft.com/en-us/windows/change-screen-brightness-in-windows-3f67a2f2-5c65-ceca-778b-5858fc007041); Ex. K (available at https://support.microsoft.com/en-us/windows/change-screen-brightness-in-windows-3f67a2f2-5c65-ceca-778b-5858fc007041#Category=Windows_10).

47.     Microsoft has specifically intended, and still intends, that its end users and its corporate customers' end users, such as the end users of Dell's computers, infringe the '117 Patent. Microsoft has been, and still is, aware that the acts of its end users and its corporate customers' end users infringe one or more claims of the '117 Patent. Microsoft has known and intended that its continued actions would actively induce the infringement of at least claim 1 of the '117 Patent by its end users and its corporate customers' end users. With knowledge of the patent and with specific intent or willful blindness, Microsoft actively aided and abetted its end users and its corporate customers' end users to directly infringe at least claim 1 of the '117 Patent. Microsoft is thus liable for infringement of the '117 Patent under 35 U.S.C. § 271(b).

48.     On information and belief, Microsoft's past and continuing infringement has been deliberate and willful, and this case is therefore an exceptional case, which warrants award of treble damages and attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285.

49.     Microsoft has willfully infringed the '117 Patent. By at least as early as May 19, 2021, Microsoft had actual knowledge of the '117 Patent and knowledge that its activities were infringing the '117 Patent. After receiving actual knowledge of the '117 Patent and of its infringement of the '117 Patent, Microsoft has willfully continued to induce infringement by its corporate customers, related third parties, its end users, and its corporate customers' end users despite knowing that there was a high likelihood of infringement and, in fact, being on notice of such infringement.

50.     As a result of Microsoft's infringement of the '117 Patent, Polaris PowerLED has suffered monetary damages and is entitled to no less than a reasonable royalty for Microsoft's use of the claimed inventions of the '117 Patent, together with interest and costs as determined by the Court. Polaris PowerLED will continue to suffer damages in the future unless Microsoft's

infringing activities are enjoined by this Court.

51.     Polaris PowerLED will be irreparably harmed unless a permanent injunction is issued enjoining Microsoft and its agents, employees, representatives, affiliates, and others acting in concert with Microsoft from infringing the '117 Patent.

**COUNT 3**
**(DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,223,117 BY MICROSOFT)**

52.     Polaris PowerLED incorporates by reference paragraphs 1-51 above.

53.     Microsoft has directly infringed, and continues to directly infringe one or more claims of the '117 Patent, including at least claim 1 of the '117 Patent, literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling within the United States, and/or importing into the United States computer products (the "Microsoft Accused Products"), including, for example, the Microsoft Surface computers that contain ambient light sensors and automatic brightness control features in violation of 35 U.S.C. § 271(a).

54.     The Microsoft Accused Products include "a brightness control circuit with selective ambient light correction" as required by claim 1 of the '117 Patent.  For example, the Microsoft Surface Laptop Go laptop computer contains a brightness control circuit with hardware components and/or software that detects ambient light and adjusts the brightness based on the ambient light level.  For example, the Microsoft Accused Products contain at least an ambient light sensor that detects ambient light as well as a processor and software.  The brightness control circuit implements selective ambient light correction, such as, for example, in the automatic brightness control feature.

55.     As a representative example, the Microsoft Surface Laptop Go includes an ambient light sensor and software to allow the device to selectively control display brightness based on

ambient light levels, as shown in the Microsoft Surface Laptop Go online product page:



Surface Laptop Go Technical Specs, available at https://www.microsoft.com/en-us/surface/devices/surface-laptop-go/tech-specs

[Surface Laptop Go brightness adjustment menus]

56.     The Microsoft Accused Products include "a first input configured to receive a user signal indicative of a user selectable brightness setting" as required by claim 1 of the '117 Patent. The Microsoft Accused Products include, for example, a brightness bar providing a user selectable brightness setting based on the position of the slider bar.  As a result of the user moving the slider bar, the system, in hardware and/or software, generates a user signal indicative of the user selectable brightness setting.  A first input is configured to receive the user signal.



57.

58.

[Surface Laptop Go brightness adjustment menus]

59.     The Microsoft Accused Products, like the Microsoft Surface Laptop Go laptop computer, include "a light sensor configured to sense ambient light and to output a sensing signal indicative of the ambient light level" as required by claim 1 of the '117 Patent, as shown below in the Microsoft Surface Laptop Go:



[Surface Laptop Go with light sensor (ALS) in bezel]

60.     The light sensor measures ambient light and outputs a sensing signal indicative of the ambient light.

61.     The Microsoft Accused Products include "a multiplier configured to selectively generate a combined signal based on both the user signal and the sensing signal" as required by claim 1 of the '117 Patent.  The Microsoft Accused Products, including the Microsoft Surface Laptop Go, have a multiplier in hardware and/or software that is configured to generate a combined signal based on both the user signal and the sensing signal.  The combined signal is generated based on both the user signal and the sensing signal.  The multiplier selectively generates the combined signal depending on the configured settings.

62. The Microsoft Accused Products include "a dark level bias configured to adjust the combined signal to generate a brightness control signal that is used to control a brightness level of a visible display such that the brightness control signal is maintained above a predetermined level when the ambient light level decreases to approximately zero" as required by claim 1 of the '117 Patent. The Microsoft Accused Products, like the Microsoft Surface Laptop Go, have hardware and/or software that includes a dark level bias configured to adjust the combined signal.

63. The dark level bias is stored in hardware and/or software and is used to adjust the combined signal to generate a brightness control signal that is used to control a brightness level of a visible display such that the brightness control signal is maintained above a predetermined level when the ambient light level decreases to approximately zero. The dark level bias is used to adjust the combined signal to generate a brightness control signal in the Microsoft Accused Products. When the ambient light level decreases to approximately zero, the dark level bias is used such that the brightness control signal is maintained above a predetermined level. This can prevent the display from becoming unviewable in very low ambient light conditions.

64. On information and belief, Microsoft's past and continuing infringement has been deliberate and willful, and this case is therefore an exceptional case, which warrants award of treble damages and attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285.

65. Microsoft has willfully infringed the '117 Patent. Microsoft received notice of the '117 Patent and of its infringement of the '117 Patent by no later than May 19, 2021 by virtue of a letter from Polaris PowerLED to Microsoft. By at least as early as May 19, 2021, when Polaris sent Microsoft a letter regarding the '117 Patent, Microsoft had actual knowledge of the '117 Patent and that its activities were infringing this patent. After receiving actual knowledge of the '117 Patent and of its infringement of the '117 Patent, Microsoft has willfully continued to make, use,

sell, offer for sale, and/or import infringing products into the United States despite knowing that there was a high likelihood of infringement and, in fact, being on notice of such infringement.

66.     As a result of Microsoft's infringement of the '117 Patent, Polaris PowerLED has suffered monetary damages and is entitled to no less than a reasonable royalty for Microsoft's use of the claimed inventions of the '117 Patent, together with interest and costs as determined by the Court.  Polaris PowerLED will continue to suffer damages in the future unless Microsoft's infringing activities are enjoined by this Court.

67.     Polaris PowerLED will be irreparably harmed unless a permanent injunction is issued enjoining Microsoft and its agents, employees, representatives, affiliates, and others acting in concert with Microsoft from infringing the '117 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Polaris PowerLED respectfully prays for the following relief:

(A)     A judgment that Dell has directly infringed and continues to directly infringe one or more claims of the '117 Patent literally and/or under the doctrine of equivalents under 35 U.S.C. § 271(a);

(B)     A judgment that Microsoft has directly infringed and continues to directly infringe one or more claims of the '117 Patent literally and/or under the doctrine of equivalents under 35 U.S.C. § 271(a);

(C)     A judgment that Microsoft has indirectly infringed and continues to indirectly infringe one or more claims of the '117 Patent by inducing infringement under 35 U.S.C. § 271(b);

(E)     Compensatory damages in an amount according to proof, and in any event no less than a reasonable royalty, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

(F)     Treble damages for willful infringement pursuant to 35 U.S.C. § 284;

(G)     An order and judgment permanently enjoining Dell and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the '117 Patent;

(H)     An order and judgment permanently enjoining Microsoft and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the '117 Patent;

(I)     A judgment that this is an exceptional case and awarding Polaris PowerLED its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

(J)     A judgment granting Polaris PowerLED such further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Polaris PowerLED hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated:  March 10, 2022                    By:  */s/ Robert F. Kramer by permission Wesley Hill*

Robert F. Kramer – Lead Attorney
(*pro hac vice* to be filed)
rkramer@kramerday.com
M. Elizabeth Day (*pro hac vice* to be filed)
eday@kramerday.com
David Alberti (*pro hac vice* to be filed)
dalberti@kramerday.com
Sal Lim (*pro hac vice* to be filed)
slim@kramerday.com
Russell S. Tonkovich (*pro hac vice* to be filed)
rtonkovich@kramerday.com
Marc Belloli (*pro hac vice* to be filed)
mbelloli@kramerday.com
**KRAMER DAY ALBERTI LIM**
**TONKOVICH & BELLOLI LLP**
577 Airport Blvd., Suite 250
Burlingame, CA 94010
Telephone:  (650) 825-4300
Facsimile:  (650) 460-8443

Wesley Hill (Texas Bar No. 24032294)
wh@wsfirm.com
Andrea L. Fair (Texas Bar No. 24078488)
andrea@wsfirm.com
Claire Abernathy Henry (Texas Bar No. 24053063)
claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Tel: 903-757-6400
Fax: 903-757-2323

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*